## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Robert E. Blackburn

Civil Action No. 23-cv-01970-REB

AZIZA MUKHTAR,

      Plaintiff,

v.

ANDREW LAMBRECHT, Field Office Director, United States Citizenship & Immigration Service,
UR M. JADDOU, Acting Director, United States Citizenship and Immigration Services,
MERRICK GARLAND, United States Attorney General, and
ALEJANDRO MAYORKAS, United States Secretary, Department of Homeland Security,

      Defendants.

---

## ORDER CONCERNING MOTIONS TO DISMISS

---

**Blackburn, J.**

      This matter is before me on the following: (1) the **Motion To Dismiss Pursuant To Fed. R. Civ. P. 12(b)(1)** [#11][1] filed November 6, 2023; and (2) the **Motion To Dismiss as Moot Pursuant To Fed. R. Civ. P. 12(b)(1)** [#14] filed July 17, 2024.  The parties filed responses [#12, #15] and replies [#13, #16].  I grant the second motion and deny the first motion as moot.

### I.  STANDARD OF REVIEW

      A motion to dismiss under Fed. R. Civ. P. 12(b)(1) may consist of either a facial or a factual attack on the complaint.  ***Holt v. United States***, 46 F.3d 1000, 1002 (10th Cir. 1995).  A facial attack challenges the sufficiency of the jurisdictional allegations in a complaint. ***Holt***

---

[1] "[#11]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

*v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).  A factual challenge "go[es] beyond allegations contained in the complaint and challenge[s] the facts upon which subject matter jurisdiction depends." *Id*. at 1003.  Addressing a factual attack, I may consider affidavits and other evidence to resolve disputed jurisdictional facts without converting the motion to dismiss to a motion for summary judgment.. *Id*.; *Wheeler v. Hurdman*, 825 F.2d 257, 259 n. 5 (10th Cir.), *cert. denied*, 484 U.S. 986 (1987).  The plaintiff bears the burden of establishing that subject matter jurisdiction exists.  *Henry v. Office of Thrift Supervision*, 43 F.3d 507, 512 (10th Cir. 1994).

Here the defendants present a factual attack.  There is no appreciable dispute about the relevant facts.  Rather, the parties dispute the application of the law to the facts.

## II.  BACKGROUND

The plaintiff, Aziza Mukhtar, initiated this case by filing her **Petition for Declarative & Injunctive Relief** [#1].  In her petition [#1], she asks the court to "(s)et aside the Defendants' decision on her Form I-485 and direct the Defendants to issue a new decision on the application for residency." *Petition* [#1], ¶ 90.

As alleged in the petition [#1], in 2010, Ms. Mukhtar was admitted to the United States as a refugee.  Before she was admitted, a medical examination found she had psychotic symptoms, major depressive disorder, and subnormal mentality. In 2011, she was arrested for kidnapping and child abuse in Arapahoe County, Colorado.  A state court found her incompetent to proceed and she was placed in the Colorado Mental Health Institute for more than a year.  The Colorado Mental Health Institute then put her on community placement.  It is not clear if she remains on community placement.

In 2015, Ms. Mukhtar applied to become a lawful permanent resident (LPR) by filing a Form I-485.  No interview or other proceedings on the From I-485 were scheduled.  As a result, in 2017, Ms. Mukhtar filed suit against the United States Citizenship and Immigration Service (USCIS).  USCIS scheduled her interview, and Ms. Mukhtar dismissed her lawsuit.

After the interview, USCIS sought additional information. It issued a Request for Evidence (RFE) in 2018, seeking additional information regarding Ms. Mukhtar's  2011 arrest.  USCIS issued another RFE in 2019 requesting a new Report of Medical Examination and Vaccination Record (Form I-693) to "address mental disorders and the potential, or lack thereof, for future harm."  *Petition* [#1],. ¶ 19.  On January 20, 2020, Ms. Mukhtar submitted a new Form I-693.  The Form I-693 was signed by a doctor on January 17, 2020.  *Petition* [#1], Exhibit 2 [#1-2] (RFE and completed Form I-693).  Ms. Mukhtar says this was the third From I-693 she had provided to USCIS.  *Petition* [#1],. ¶ 20.  On February 28, 2020, USCIS issued a decision denying the application of Ms. Mukhtar.  *Petition* [#1], Exhibit 3 [#1-3].  The USCIS said Ms. Mukhtar had not proven that she did not have a medical condition which precludes granting her application for adjustment of her status to that of lawful permanent resident.

Ms. Mukhtar ask USCIS to reconsider.  On reconsideration, the USCIS upheld the denial of her Form I-485.  It said "you failed to submit an adequate form I-693."  *Petition* [#1], Exhibit 1 [#1-1], p. 2.  After some discussion, USCIS concluded "your mental conditions were not properly assessed by a specialized physician."  *Id*., p. 3.  This decision was issued on July 9, 2020.

Ms. Mukhtar then filed this lawsuit challenging the USCIS decision.  In her petition, Ms. Mukhtar contends the defendants "do not have a legally cognizable ground to deny

Mukhtar's Form I-485." *Petition* [#1],. ¶ 49.  She says she never has been found to have a Class A medical condition, which can be a lawful basis for denial of LPR status.  Her other medical conditions, she alleges, are not a valid basis to deny her LPR status.  In her prayer for relief, Ms. Mukhtar asks the court to "(s)et aside the Defendants' decision on her Form I-485 and direct the Defendants to issue a new decision on the application for residency." *Petition* [#1],. ¶ 90.

After this case was filed, USCIS reopened the Form I-485 application and issued a new RFE.  The October 27, 2023, RFE said the USCIS requires additional evidence to process her application.  USCIS requested a new I-693 that is properly completed and detailed certain requirements for completion of the form.  USCIS set a deadline of January 22, 2024, for submission of the new I-693.  Ms. Mukhtar, through counsel, asked for an extension of the deadline until the then pending motion to dismiss [#11] in this case was resolved.  USCIS said it did not have authority to grant such an extension.  On May 10, 2024, USCIS issued its decision again denying the application for LPR status.  *Motion* [#14], Exhibit 3 [#14-1], CM/ECF pp. 3-7.

### III.  ANALYSIS

In the motion [#14] to dismiss as moot, the defendants contend this case is moot because USCIS has given Ms. Mukhtar all of the relief she seeks in her petition [#1].  USCIS re-opened its July 9, 2020, decision, sought additional information from Ms. Mukhtar, and then issued a new decision.  The petition of Ms. Mukhtar challenges the July 9, 2020, decision of USCIS.   In her prayer for relief, Ms. Mukhtar asks the court to "(s)et aside the Defendants' decision on her Form I-485 and direct the Defendants to issue a new decision on the application for residency."  *Petition* [#1],. ¶ 90.  That describes precisely

what USCIS has done since the petition [#1] was filed.  Thus, the defendants contend this case is moot.

Generally, a case is moot when the plaintiff has received all of the relief sought in the complaint.  *See, e.g., Alvarez v. Smith*, 558 U.S. 87, 89 (2009).  "(I)f, during the pendency of the case, circumstances change such that the plaintiff's legally cognizable interest in a case is extinguished, the case is moot, and dismissal may be required."  *Green v. Haskell Cnty. Board Of Com'rs*, 568 F.3d 784, 794 (10th Cir. 2009).  In the present case, Ms. Mukhtar has received all of the relief she sought in her prayer for relief.  Thus, this case is moot.

In her responses [#12, #15] to the motions to dismiss, Ms. Mukhtar contends the flaws in the procedures and decisions of the defendants which she describes in her petition [#1], also permeate the recent reconsideration by USCIS and the decision issued by USCIS on May 10, 2024.  For example, she contends "(t)here is no rule that states that four physician-approved and qualifying medical forms are not good enough to be approved. There is no authority that permits the Defendants a fifth bite to attempt to deny four previously-submitted qualifying medical exams."  *Response* [#15], p. 5.  However, the currently operative petition [#1] contains no allegations about the May 10, 2024, USCIS decision or the procedures leading up to that decision.  The May 10, 2024, USCIS decision is not at issue in this case.

Ms. Mukhtar argues this case is not moot because the issues raised in the petition [#1] are capable of repetition yet evading review.  She contends the May 10, 2024, USCIS decision, which occurred after this case was filed, will be too short in duration to be fully litigated and there is a reasonable expectation Ms. Mukhtar again will be subjected to the

5

same flawed procedures she describes in the petition.  Capable of repetition but evading review is an exception to mootness which applies when (1) the agency action is too short in duration "to be fully litigated prior to cessation or expiration;" and (2) there is a reasonable expectation that the same plaintiff "will be subject to the same action again." ***Kingdomware Tech., Inc. v. United States***, 579 U.S. 162, 170 (2016) (internal quotation and citation omitted).  This doctrine applies only in "exceptional situations." ***Id***.

The May 10, 2024, USCIS decision is a final agency action subject to challenge under the Administrative Procedures Act.  Ms. Mukhtar contends the procedures leading to that decision had the same flaws as the procedures leading to earlier USCIS decisions in her case, which flaws and decisions are described in the petition [#1].  Nothing in the record shows the May 10, 2024, USCIS decision will be so short in duration that Ms. Mukhtar will not be able to fully litigate a challenge to that decision before the decision is changed or expires.  Given that fact, I cannot conclude that the doctrine of capable of repetition but evading review is an exception to mootness which is applicable here.

Given these circumstances, I grant the motion to dismiss as moot [#14] and deny the earlier motion to dismiss [#11] because it is moot.

## IV.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1.  That the **Motion To Dismiss as Moot Pursuant To Fed. R. Civ. P. 12(b)(1)** [#14] is granted;

2.  That the **Motion To Dismiss Pursuant To Fed. R. Civ. P. 12(b)(1)** [#11] is denied as moot;

3.  That judgment shall enter dismissing this case as moot under Fed. R. Civ. P.

12(b)(1); and

4.  That this case is closed.

Dated September 19, 2024, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge